IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00599-BNB

BENAD ABIODUN,

    Plaintiff,

v.

ERIC HOLDER, U.S. Attorney General,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 1 9 2010

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

Plaintiff, Benad Abiodun, has filed *pro se* a Complaint. Mr. Abiodun asserts two claims for relief in which he again challenges his removal from the United States and the denial of his petition for naturalization. Mr. Abiodun asserts his claims pursuant to the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-06. As relief, he asks the Court to set aside the warrant of deportation and the decision denying his petition for naturalization, to declare Mr. Abiodun a citizen of the United States, and to order that he be readmitted into the United States.

Mr. Abiodun has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the Complaint at any time if the claims asserted are frivolous or malicious. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the Complaint and the action as legally frivolous and malicious.

The Court must construe the Complaint liberally because Mr. Abiodun is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Abiodun is a native and citizen of Nigeria. He alleges that he became a legal permanent resident of the United States in 1996. Mr. Abiodun asserts that he filed a petition for naturalization in January 2001 seeking to become a citizen of the United States. In 2002, after he completed the process to become a naturalized citizen but before final action was taken on his petition for naturalization, immigration officials commenced removal proceedings against him based on his 2002 conviction in the Jefferson County District Court. On October 4, 2004, Mr. Abiodun's petition for naturalization was denied as a result of the state court criminal conviction. In May 2005, an immigration judge entered a final order of removal in Mr. Abiodun's immigration case. Mr. Abiodun was removed from the United States on June 3, 2008, and he currently resides in Nigeria.

Mr. Abiodun has filed a number of prior actions challenging the denial of his petition for naturalization and the final order of removal. In 2005, Mr. Abiodun filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging, in

part, the final order of removal. *See Abiodun v. Maurer*, No. 05-cv-00352-WDM-PAC (D. Colo. Mar. 3, 2006). Mr. Abiodun's claims challenging the final order of removal were transferred to the United States Court of Appeals for the Tenth Circuit as a petition for review of the removal order and the circuit court dismissed the petition. *See Abiodun v. Gonzalez*, 217 F. App'x 738 (10th Cir. 2007). In 2006, Mr. Abiodun filed a civil rights complaint alleging that his rights were violated during the course of the removal proceedings. *See Abiodun v. Ortiz*, No. 06-cv-02463-ZLW (D. Colo. Dec. 20, 2006). Case number 06-cv-02463-ZLW was dismissed without prejudice because Mr. Abiodun's claims were barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). In 2007, Mr. Abiodun filed another application for a writ of habeas corpus pursuant to § 2241. *See Abiodun v. Gonzales*, No. 07-cv-00278-MEH-PAC (D. Colo. July 23, 2007), *aff'd sub nom. Abiodun v. Mukasey*, No. 07-1266, 264 F. App'x 726 (10th Cir. 2008). In 07-cv-00278-MEH-PAC, Mr. Abiodun's claims challenging the denial of his petition for naturalization were dismissed based on res judicata and his claim challenging his allegedly indefinite detention was dismissed because his removal was imminent. Mr. Abiodun then brought an action against the United States pursuant to the Federal Tort Claims Act based on alleged torts committed by immigration officials during the course of the administrative proceedings regarding his petition for naturalization and the removal proceedings. *See Abiodun v. United States*, No. 07-cv-01713-ZLW (D. Colo. Sept. 11, 2007), *aff'd sub nom. Abiodun v. Mukasey*, No. 07-1401, 264 F. App'x 726 (10th Cir. 2008). Case number 07-cv-01713-ZLW was dismissed without prejudice as barred by the rule in *Heck*. Mr. Abiodun then filed

another civil rights action claiming that his rights were violated during the naturalization and removal proceedings, that his continued detention violated his rights, and that immigration officials were retaliating against him for filing administrative claims and lawsuits. *See Abiodun v. Maurer*, No. 07-cv-02431-WDM-CBS (D. Colo. 2008). Mr. Abiodun's claims in 07-cv-02431-WDM-CBS (challenging his continued detention and the alleged violations of his rights during the naturalization and removal proceedings) were dismissed without prejudice as barred by the rule in *Heck*, and his retaliation claim subsequently was dismissed without prejudice for failure to prosecute. Mr. Abiodun later filed another complaint claiming that his constitutional rights were violated in connection with the denial of his petition for naturalization and the commencement of removal proceedings against him. *See Abiodun v. Holder*, No. 09-cv-01900-ZLW (D. Colo. Nov. 19, 2009). Mr. Abiodun's claims for damages in 09-cv-01900-ZLW were dismissed as barred by the rule in *Heck*. To the extent Mr. Abiodun sought other relief in 09-cv-01900-ZLW that challenged the denial of his petition for naturalization or removal from the United States, those claims were dismissed because they had been addressed on the merits in prior cases and could not be raised again.

Mr. Abiodun is again challenging his removal from the United States and the denial of his petition for naturalization, and he asks the Court to set those decisions aside and declare him a citizen of the United States. Mr. Abiodun specifically contends that the decision to commence removal proceedings against him based on a state court conviction that was neither final nor an aggravated felony was arbitrary and capricious (claim one) and that the decision to commence removal proceedings against him prior

to acting on his past due and pending petition for naturalization also was arbitrary and capricious (claim two).

Despite the fact that Mr. Abiodun is asserting his claims pursuant to statutory authority that he has not specifically raised in a prior action, the Court finds that the APA claims are legally frivolous and malicious because the substance of those claims has been addressed on the merits in his prior actions and may not be raised again. In particular, Mr. Abiodun's claim that "immigration officials did not fairly adjudicate his petition for naturalization . . . has already been raised and decided against Abiodun at least twice," and, "[t]o the extent Abiodun relies on his naturalization argument to challenge the final order of removal against him, we note that the removal issue has already been determined adversely to him." *Abiodun v. Mukasey*, 264 F. App'x at 728. The final order of removal was affirmed in ***Abiodun v. Gonzales***, 461 F.3d 1210 (10th Cir. 2006). ***See also Abiodun***, 217 F. App'x at 741-42 (dismissing successive petition for review of final order of removal because claims had been addressed previously). Therefore, the Court finds that the Complaint is legally frivolous because Mr. Abiodun fails to assert facts that support an arguable claim. The Court finds that the Complaint is malicious because the substance of the claims Mr. Abiodun is raising have been found to lack merit in his prior actions. Mr. Abiodun is warned that the Court will impose appropriate sanctions if he persists in filing new actions raising repetitive claims. Accordingly, it is

ORDERED that the Complaint and the action are dismissed as legally frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this 18th day of March, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00599-BNB

Benad Abiodun
P.O. Box 30677
Secretariat Agodi Ibadan
Oyo State, Nigeria

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/19/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk